UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA STEPHENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STANISLAUS COUNTY SHERIFF'S DEP'T, et al.,<br><br>　　　　Defendants. | **CASE No. 1:16-cv-0360-AWI-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for screening.

**I.　SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.　PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.  PLAINTIFF'S ALLEGATIONS

Plaintiff brings this case as a class action against the Stanislaus County Sheriff's Department ("SCSD"), Captain William Duncan, and Lt. Ciffton.

Plaintiff's claims can be summarized essentially as follows:

Plaintiff is one of many "PC" or "long term" inmates[1] housed in administrative segregation ("Ad-Seg") at SCSD who is denied educational programs that are offered to

---

[1] Though Plaintiff does not explain what "PC" stands for, she does reference "AB190" in the complaint, which suggests that she and/or the other inmates identified in the pleading are housed at SCSD pursuant to California's Assembly Bill 109 ("AB 109"). AB 109, entitled "The 2011 Realignment Legislation Addressing Public Safety," was signed into law by Governor Brown on April 4, 2011, and went into effect in October 2011. It shifted responsibility for incarceration and parole supervision of prisoners convicted of certain types of crimes from the state prison system to the counties. Valdivia v. Brown, 956 F. Supp. 2d

2

other inmates. When Plaintiff and others filed grievances to obtain access, they were told that the programs could not be offered to inmates housed in Ad-Seg because of safety issues. Plaintiff would like those programs to be offered to "the inmates of this class action."

## IV. ANALYSIS

### A. Class Action

Plaintiff filed this matter as a class action, allegedly on behalf of herself and other "long term inmates" housed in administrative segregation at SCSD. There is no indication, however, that Plaintiff is a lawyer.

It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action. Rather, the action is an individual civil suit brought by a single plaintiff. Because Plaintiff articulates her claims in terms of a "class," the complaint will be dismissed and Plaintiff granted leave to file an amended complaint in which she raises only allegations personal to herself on behalf of herself alone.

### B. Linkage

Plaintiff names Captain William Duncan and Lt. Ciffton as Defendants but asserts no charging allegations as to either of them other than the general allegation that she is being denied access to educational programs. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of her rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21

_____

1125, 2013 WL 3364347, *4 (E.D. Cal. Jul 3, 2013); Coleman v. Brown, 922 F. Supp. 2d 1004, 1014-15 (E.D. Cal. 2013).

(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If Plaintiff chooses to file an amended complaint, she must allege specific facts linking each Defendant to her claim.

### C. Monell Liability

Plaintiff also names SCSD as a Defendant. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Dept. Soc. Servs., 436 U.S. 658, 691 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, although Plaintiff names SCSD, she makes no allegations that would sustain liability under Monell. She does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by SCSD. She also fails to allege that any omission on the part of SCSD caused an employee to commit a constitutional violation. Insofar as Plaintiff intends to hold SCSD liable under Section 1983 based solely upon the conduct of the individual

Defendants, this is improper as that would be "vicarious liability." See Connick v. Thompson, 563 U.S. 51, 60 (2011)) (municipal defendants "are not vicariously liable under § 1983 for their employees' actions").

Plaintiff therefore fails to state a claim against SCSD. Plaintiff will be granted leave to amend, but should only do so if she believes she can amend in good faith.

### D. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status."). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 40 (1973); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Willowbrook, 528 U.S. at 564.

Plaintiff here alleges that, as a "long-term" inmate housed in SCSD's Ad-Seg unit, she is being denied access to educational programs that are available to inmates not

housed in Ad-Seg. Since Plaintiff's mere placement in Ad-Seg does not involve a suspect class, Plaintiff may proceed on this claim only if she is able to establish that the denial of access to educational programs is not rationally related to a legitimate state purpose. However, because Plaintiff has not properly asserted this claim against any Defendant, this claim must be dismissed with leave to amend.

## V.    **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff fails to state a claim. Plaintiff will, however, be granted leave to amend. Plaintiff should carefully read this Screening Order and focus her efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's March 16, 2016, Complaint (ECF No. 1) is dismissed for failure to state a claim;

2.    Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

     3.     Plaintiff's failure to file an amended complaint within thirty days will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   April 18, 2016                /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE