UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA STEPHENS,<br><br>        Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | CASE NO. 1:16-cv-00360-AWI-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 7)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a County inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On April 19, 2016, the Court dismissed Plaintiff's complaint for failure to state a claim but gave leave to amend within thirty days. (ECF No. 7.) The thirty-day deadline passed without Plaintiff filing either an amended pleading or notice of voluntary dismissal, or seeking an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may

1    impose sanctions including, where appropriate, default or dismissal." Thompson v.

2    Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

3    prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure

4    to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

5    (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

6    61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a

7    complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure

8    to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

9    Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

10   comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

11   (dismissal for lack of prosecution and failure to comply with local rules).

12          In determining whether to dismiss an action for lack of prosecution, failure to obey

13   a court order, or failure to comply with local rules, the Court must consider several

14   factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need

15   to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy

16   favoring disposition of cases on their merits, and (5) the availability of less drastic

17   alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833

18   F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19          In the instant case, the public's interest in expeditiously resolving this litigation

20   and the Court's interest in managing its docket weigh in favor of dismissal. The third

21   factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a

22   presumption of injury arises from the occurrence of unreasonable delay in prosecuting

23   this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

24   public policy favoring disposition of cases on their merits -- is greatly outweighed by the

25   factors in favor of dismissal discussed herein. Finally, as for the availability of lesser

26   sanctions, at this stage in the proceedings there is little available which would constitute

27   a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not

28   paid the filing fee for this action and is likely unable to pay, making monetary sanctions

1 │ of little use.

2 │         Accordingly, it is HEREBY ORDERED THAT:

3 │    1.   Within fourteen (14) days of service of this Order, Plaintiff shall file either

4 │         an amended complaint or notice of voluntary dismissal, or shall show

5 │         cause as to why this action should not be dismissed with prejudice for

6 │         failure to state a claim, failure to prosecute, and failure to comply with the

7 │         Court's order (ECF No. 7); and

8 │    2.   If Plaintiff fails to show cause or file an amended complaint or notice of

9 │         voluntary dismissal, the undersigned will recommend that the action be

10 │        dismissed, with prejudice, subject to the "three strikes" provision set forth in

11 │        28 U.S.C. § 1915(g).

12

13 │ IT IS SO ORDERED.

14 │   Dated:    June 6, 2016          /s/ *Michael J. Seng*

15 │                                  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28